IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JAMESINA CRAWFORD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 4:14-cv-00130- |
| ) | AWA-LRL |
| NEWPORT NEWS INDUSTRIAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' [PROPOSED] SUR-REPLY
IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO SEVER OR
BIFURCATE**

Plaintiffs will not recapitulate their arguments in response to Defendant's Reply papers, but call the Court's attention to three specific misrepresentations of relevant caselaw in those papers, which are central to the analysis of the issues raised in NNI's motion.

First, Defendant wrongly accused Plaintiffs of misquoting the holding of the *Mosley* decision relating to common questions of law or fact, stating that Plaintiffs "replac[ed] the word 'class' with 'each plaintiff'." Def. Reply 8-9.[1] The language Plaintiffs cited (on page 22 of their brief) appears verbatim on page 1334, lower on the page than the quote Defendant includes in its Reply. *See Mosley v. General Motors Corp*., 497 F.2d 1330, 1334 (8th Cir. 1974) (The full paragraph Plaintiffs cited reads: "The right to relief here depends on the ability to demonstrate that each of the plaintiffs was wronged by racially discriminatory policies on the part of the defendants General Motors and the Union. The discriminatory character of the defendants'

---

[1] In its Reply, Defendant cites to Plaintiffs' brief at page 12-13, but the quote at issue appears in Plaintiffs' brief at page 22.

1

conduct is thus basic <u>to each plaintiff's</u> recovery. The fact that <u>each plaintiff</u> may have suffered different effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact. Thus, we conclude that the second requisite for joinder under Rule 20(a) is also met by the complaint") (emphasis added).  The district court decision overturned in *Mosley* involved severance of ten named plaintiffs' <u>individual</u> claims, which they brought in addition to their class claims.  *See Mosley*, 497 F.2d at 1331-1332 (explaining that the first ten counts were brought by individual plaintiffs, counts 11 and 12 were class action counts, and *overturning* the district court's order that "insofar as the first ten counts are concerned, those ten counts shall be severed into ten separate causes of action").  Defendant's false claim is a significant error, because it uses this misstatement to argue that *Mosley*'s holding only applies in the class action context, and not to cases such as the instant one brought jointly by multiple individual plaintiffs.  As the language cited by Plaintiffs makes clear, the *Mosley* court actually held that the existence of a pattern or practice of discrimination is relevant to each and every <u>individual</u> plaintiff's claim, and therefore the claims share a common question of law or fact supporting joinder, just as in the instant case.

Second, Defendant repeats its incorrect assertion that the plaintiffs in *Grayson* made "allegations of....hostile work environment (i.e., "harassment")..." Def. Reply 14.  <u>There was no hostile work environment claim in *Grayson*</u>.  *See Grayson v. K Mart Corp*., 849 F. Supp. 785, 787 (N.D. Ga. 1994) (Summarizing plaintiffs' discrimination claims by stating that "[p]laintiffs have alleged that each plaintiff was demoted by defendant due to the respective plaintiff's ages at the time of their demotions.")  Defendant cherry-picks the turn of phrase "[p]laintiffs paint the picture of a hostile corporate culture" from the Court's decision.  Grayson at 788.  As is obvious

in context, the Court was referring to the plaintiffs' argument that age bias motivated the defendant's demotion decisions, not stating that the plaintiffs had alleged hostile work environment employment discrimination.  Defendant's misstatement is significant because the absence of a harassment claim in *Grayson* makes it inapposite to determining whether Plaintiffs' claims arise out of a single transaction in the instant case, where a pervasive, hostile work environment has been alleged.  Defendant's misstatement is particularly unjustifiable where another federal court has <u>explicitly stated that there was no hostile work environment claim in *Grayson*</u>, and distinguished it on that exact basis.  *Smith v. Northeastern Ill. Univ.*, 2002 U.S. Dist. LEXIS 3883, *13 (N.D. Ill. Feb. 28, 2002) ("All of the cases on which defendants rely in the context of Rules 20 and 21 are less than helpful because in none did the plaintiffs allege a hostile work environment discrimination claim. See....*Grayson v. K-Mart Corp.*, 849 F. Supp. 785 (N.D. Ga. 1994)....").

Third, Defendant incorrectly stated that the plaintiffs in *Bailey* "all alleged general hostile work environment claims...." Def. Reply 14.  Once again, the plaintiffs in that case brought <u>no hostile work environment claims</u>.  *See Bailey v. Northern Trust Co.*, 196 F.R.D. 513 (N.D. Ill. 2000) (summarizing the plaintiffs' discrimination claims by stating that they "arise from....employment actions taken by various management employees" and specifically that the "types of adverse employment actions are....varied -- allegations include unequal pay, retaliation, unfair disciplinary warnings, increased job duties, job threats, discrimination in performance evaluations, wrongful termination, denial of promotional, [sic] opportunities, and denial of training").  As in *Grayson*, the absence of harassment claims in *Bailey* is important to this Court's analysis because it distinguishes that case from the instant one for purposes of determining

3

whether the claims arise out of a common transaction.  Once again, Defendant's error is flagrant and unjustifiable where Plaintiffs' brief specifically cited to federal caselaw alerting Defendant that there was <u>no hostile work environment claim</u> in *Bailey*.  *Smith*, 2002 U.S. Dist. LEXIS 3883 at *13 ("All of the cases on which defendants rely in the context of Rules 20 and 21 are less than helpful because in none did the plaintiffs allege a hostile work environment discrimination claim. See *Bailey*, 196 F.R.D. 513....").

      Wherefore, Plaintiffs respectfully request that the Court deny Defendant's motion to sever or bifurcate Plaintiffs' claims.

                                            Respectfully Submitted,

                                            JAMESINA CRAWFORD, et al

By:    */s/ James H. Shoemaker, Jr.*
      James H. Shoemaker, Jr.,
      Virginia State Bar No. 33148
      Jason E. Messersmith
      Virginia State Bar No. 77075
      Patten, Wornom, Hatten & Diamonstein, L.C.
      12350 Jefferson Avenue, Suite 300
      Newport News, Virginia 23602
      Telephone:  (757) 223-4500
      Facsimile:  (757) 223-4518
      jshoemaker@phwd.com
      jmesssersmith@pwhd.com

      Joshua Friedman
      Rebecca Houlding
      Friedman & Houlding LLP
      1050 Seven Oaks Lane
      Mamaroneck, NY 10543
      Telephone:  (888) 369-1119 x 8
      Facsimile:  (866) 731-5553
      josh@joshuafriedmanesq.com
      rebecca@joshuafriedmanesq.com
      *Admitted pro hac vice*
      *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that May 5, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

               By */s/ James H. Shoemaker, Jr.*
               James H. Shoemaker, Jr.,
               Virginia State Bar No. 33148
               Patten, Wornom, Hatten & Diamonstein, L.C.
               12350 Jefferson Avenue, Suite 300
               Newport News, Virginia 23602
               Telephone: (757) 223-4500
               Facsimile: (757) 223-4518
               jshoemaker@phwd.com
               *Counsel for Plaintiffs*