UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMESINA CRAWFORD, *et al.*,

Plaintiffs,

v.

NEWPORT NEWS INDUSTRIAL
CORPORATION,

Defendant.

Civil No. 4:14cv130

## ORDER

A Second Amended Complaint was filed in this Court on May 4, 2015, in which a total of thirty-eight Plaintiffs filed suit against Defendant Newport News Industrial Corporation ("NNI"). The Second Amended Complaint asserts various claims of employment discrimination, retaliation, and hostile work environment by welders, fitters, and laborers employed at or by NNI. ECF No. 15.

On January 5, 2016, the parties stipulated to the dismissal of one Plaintiff. ECF No. 56. Defendant NNI subsequently filed separate Motions for Summary Judgment against the remaining thirty-seven Plaintiffs. This Order addresses NNI's Motions for Summary Judgment against five of these Plaintiffs: Marvin Smith (ECF No. 113); Keith Chisman (ECF No. 127); Naseer Marshall (ECF No. 137); Kevin Smith (ECF No. 157); and Richard Payton (ECF No. 179) (collectively for purposes of this Order, "Plaintiffs"). These motions (and others) were referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§

1

636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72 for a report and recommendation ("R&R"). The Magistrate Judge issued the R&R addressing these Plaintiffs on February 12, 2018. ECF No. 293. The Magistrate Judge recommended that NNI's Motions for Summary Judgment against these Plaintiffs be granted on the grounds that judicial estoppel barred these Plaintiffs' actions. *Id.* at 30.

By copy of the report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. *Id.* Plaintiffs Naseer Marshall, Kevin Smith, Marvin Smith and Richard Payton filed objections to the Report and Recommendation on February 26, 2018. ECF No. 295. Plaintiff Keith Chisman did not object to the Report and Recommendation.

As indicated in the R&R, "failure to file timely specific written objections to the . . . findings and recommendations will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations." ECF No. 293, R&R at 31 (citations omitted). This Court has reviewed the R&R as it pertains to Plaintiff Keith Chisman and, finding no error, hereby ADOPTS and APPROVES in full the findings and recommendations set forth therein regarding Mr. Chisman. Accordingly, it is hereby ORDERED that NNI's Motion for Summary Judgment (ECF No. 127) is GRANTED as to Mr. Chisman.

The Court has also reviewed the full record and has carefully examined the objections filed by Plaintiffs Marshall, K. Smith, M. Smith and Payton. The Court has proceeded to undertake specific review of the recommendations pertaining to these Plaintiffs and to make *de novo* findings with respect to the portions of the recommendations to which these Plaintiffs object, as well. Fed. R. Civ. P. Sec. 72 (b)(3).

In performing these responsibilities this Court may "accept, reject or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also Prototype Prods. v. Reset, Inc.*, 844 F. Supp. 2d 691, 696 (E.D. Va. 2012) (reviewing courts have "the discretion to consider new evidence"). For the reasons provided herein, the objections are overruled and the R&R as to these Plaintiffs is adopted.

These Plaintiffs object to the R&R on the grounds that (i) it fails to draw all inferences in favor of the nonmovants, (ii) makes allegedly impermissible credibility determinations reserved for the jury, and (iii) makes erroneous findings of law. ECF No. 295, at 2. The objections are without merit.

I. STANDARDS RELEVANT TO THE OBJECTIONS

The Magistrate Judge correctly identified and applied the standards applicable to the questions presented in the motions for summary judgment regarding these Plaintiffs. These standards need only be reviewed briefly for the purposes of evaluating the objections. The Magistrate Judge recognized that a debtor "seeking shelter in a federal bankruptcy action has a continuing affirmative obligation to disclose all actual or potential legal claims to the Bankruptcy Court, because such claims constitute 'property of the estate' subject to the bankruptcy trustee's exclusive control." ECF No. 293, R&R at 11 (quoting *Vanderheyden v. Peninsula Airport Comm'n*, No. 4:12cv46, 2013 WL 30065, at *11 (E.D. Va. Jan. 2, 2013)).

Relatedly, the doctrine of judicial estoppel "precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation," and prevents parties "from playing 'fast and loose' with the courts—to deter improper manipulation of the judiciary." *Id.* (quoting *Folio v. City of Clarksburg, W Va.*, 134 F.3d 1211, 1217 (4th Cir. 1998); *Jon S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995)). Through the proper invocation of judicial estoppel, a "debtor may be precluded from pursuing claims about which [he or she] was

3

aware of, but did not disclose during the bankruptcy proceedings." *Id.* at 12 (quoting *Haydu v. Tidewater Comm. College*, 268 F. Supp. 2d 843, 848 (E.D. Va. 2017)). The Magistrate Judge proceeded to apply these standards to each of the five Plaintiffs identified. He concluded that "each of these five Plaintiffs should be judicially estopped from pursuing their claims in this Court based on their failure to disclose to the Bankruptcy Court their pending or potential claims for employment discrimination." *Id.*

Four Plaintiffs have advanced objections, and these objections are examined individually. For the reasons presented in the R&R and reiterated below, the R&R is adopted over the objections and Defendant's motions for summary judgment as to these Plaintiffs are granted.

In each case, the Plaintiff's failure to meet the statutory duty to disclose legal or equitable interests, including potential causes of action and litigation pursued outside of bankruptcy, has triggered the proper application of the doctrine of judicial estoppel. This doctrine, properly applied, bars the subsequent action. *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007).

The United States Court of Appeals for the Fourth Circuit has recognized four factors that must be met to invoke judicial estoppel: (1) the party to be estopped is advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position is one of fact instead of law; (3) the prior position was accepted by the court in the first proceeding; and (4) the party to be estopped has acted intentionally, not inadvertently. *Folio*, 134 F.3d at 1217–18. As discussed below, in each case presently before the Court, the four factors have been met.

II. MR. NASEER MARSHALL

The circumstances regarding Mr. Marshall's bankruptcy and subsequent participation in this litigation have been recited thoroughly by the Magistrate Judge and are adopted and briefly highlighted here to assist in the evaluation of his objections. Mr. Marshall became a party to this

4

litigation on February 11, 2015. Several months later, on September 14, 2015, Mr. Marshall filed a voluntary petition for bankruptcy in the Eastern District of Virginia under Chapter 7 of the Bankruptcy Code. *In re Naseer Marshall*, Case No. 15-73144. Mr. Marshall was represented by counsel when petitioning for bankruptcy, and he failed to disclose this employment discrimination claim in his petition. On October 22, 2015, the Trustee issued a Report of No Distribution, finding that no assets were available for distribution from the estate to satisfy creditors over and above that exempted by law. Mr. Marshall's attorney filed an Amended Schedule on December 7, 2015 to add a creditor, but again did not disclose the claim from this discrimination lawsuit.

Mr. Marshall received his Discharge of Debtor on December 28, 2015, and his case was closed on January 4, 2016. On February 25, 2016, the trustee filed a Motion to Reopen the Bankruptcy Case after being advised of this discrimination lawsuit.

The Magistrate Judge concluded correctly that all four factors for invoking judicial estoppel are met as to Mr. Marshall. ECF No. 293, R&R at 19. Mr. Marshall filed a Chapter 7 action, was granted relief in the form of a discharge, and his case was closed. Subsequent attempts to reopen his bankruptcy case and to convey the intent to submit an Amended Schedule B identifying this lawsuit as an asset fail to render estoppel inapplicable. Notwithstanding the objections advanced, the Magistrate Judge concluded correctly that Mr. Marshall's actions should be construed as having been undertaken intentionally, not inadvertently: he was represented by counsel, plainly had knowledge of his undisclosed claim, and plainly had a motive for concealment (shielding his possible recovery in this action from creditors). He failed to list this employment discrimination lawsuit in his Schedule B, which itemized personal property, such as claims of the sort presented in this litigation.

5

The objections unsuccessfully challenge the R&R's sound reasoning and conclusions regarding Mr. Marshall's conduct. The assertion that there could be questions of material fact remaining at this stage of the litigation precluding the invocation of judicial estoppel is without merit. The Magistrate Judge correctly inferred Mr. Marshall's intentional manipulation despite the absence of direct evidence of intent to conceal, because Mr. Marshall had knowledge of the undisclosed claims and had motive for concealment. ECF No. 293, R&R at 20; *see also Vanderheyden*, No. 4:12cv46, 2013 WL 30065, at *12. There can be no reasonable dispute that Mr. Marshall was aware of the factual basis of his litigation claims, and that he was adequately represented by counsel, rendering pleas of inadvertence ineffective. Similarly, no substantive challenge to the conclusion regarding the existence of a motive for concealment of the litigation claim is, or can be, proffered.

The objections based upon the actions Mr. Marshall took after his misrepresentations were discovered are also without merit. The Magistrate Judge's sound analysis is adopted: the fact that Mr. Marshall "has now reopened his bankruptcy case does not undo his conduct or the Bankruptcy Court's acceptance of his misrepresentation." ECF No. 293, R&R at 20. The R&R's reliance upon relevant and compelling case authority warrants recitation:

> [A]llowing a debtor to "back-up, re-open the bankruptcy case, and amend . . . bankruptcy filings, only after [the] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if . . . caught concealing them." . . . Such an approach would only diminish a debtor's incentive to provide a true and complete disclosure of [his or her] assets to the bankruptcy courts.

ECF No. 293, R&R at 21 (quoting *Vanderheyden*, 2013 WL 30065, at *14).

Objections pertaining to Mr. Marshall's disclosure of his misrepresentations—which occurred shortly before Defendant advanced motions for summary judgment based upon judicial

6

estoppel, and well after notice to Mr. Marshall of Defendant's reliance upon this doctrine—are unpersuasive.[1] Mr. Marshall filed for Chapter 7 bankruptcy several months after joining this lawsuit and failed to disclose his claims despite being represented by counsel and being required to disclose those claims by federal law. The findings and conclusions presented in the R&R as to Mr. Marshall are correct, sound, and adopted.

III.  MR. KEVIN SMITH

The circumstances regarding Mr. K. Smith's bankruptcy and subsequent participation in this litigation have been recited thoroughly by the Magistrate Judge and are adopted and briefly highlighted here to assist in the evaluation of his objections. Mr. K. Smith's counsel provided notice to Defendant NNI in January 2013 of his intent to sue NNI for discrimination and harassment. On August 1, 2014, K. Smith and his wife (through counsel) filed a voluntary petition for bankruptcy in the Eastern District of Virginia under Chapter 7 of the Bankruptcy Code. *In re Kevin Smith*, Case No. 14-51091.

There is no dispute that at the time he filed the bankruptcy petition, Mr. K. Smith believed that he had already been discriminated against and harassed by NNI, and that he knew of his claims against NNI and intended to advance them in a lawsuit against NNI. He did not disclose his employment discrimination claims on his voluntary petition. On September 9, 2014,

---

[1] This Court has considered the declaration from the bankruptcy trustee attached to the Objections, and also notes that the trustee has recently moved to intervene in this action. The declaration has been provided more than three years after joining this lawsuit, nearly three years after filing for bankruptcy, and more than a month after the related Objections to the R&R were filed. Although the Motion to Intervene (ECF No. 305) will be adjudicated separately, the Court finds that the declaration and the proposed intervention fail to preclude adoption of the R&R. Representations by Mr. Marshall, counsel, and the trustee regarding actions taken after Mr. Marshall's filing of amended schedules in December 2015 and his discharge in bankruptcy in January 2016 fail to diminish the soundness of the R&R's conclusions.

the trustee issued a Report of No Distribution, finding that no assets were available for distribution from the estate to satisfy creditors over and above that exempted by law. Mr. K. Smith received his Discharge of Debtor on November 12, 2014, and his case was closed on November 17, 2014.

On February 11, 2015, Mr. K. Smith became a formal party to this litigation upon the filing of the First Amended Complaint. Eighteen months later, on August 5, 2016, his counsel sought to reopen his bankruptcy case because he inadvertently failed to list his claim of damages related to this workplace discrimination class action suit as an asset in Schedule B of his voluntary petition. The subsequent postures regarding Mr. K Smith's bankruptcy filings are thoroughly summarized by the Magistrate Judge without challenge. ECF No. 293, R&R at 26.

The Magistrate Judge concluded that judicial estoppel applies to Mr. K. Smith. *Id.* at 24. There is no dispute that Mr. K. Smith has acknowledged that he failed to disclose the employment discrimination claim he asserts in this Court to the Bankruptcy Court; instead, he filed his voluntary petition in bankruptcy under Chapter 7 without identifying the discrimination claim as a potential asset. "Regardless of the fact that K. Smith sought to subsequently rectify his failure to disclose, the Bankruptcy Court did accept K. Smith's first misrepresentation, discharged K. Smith, and closed his case. . . . The fact that he has now reopened his bankruptcy case does not undo his conduct or the Bankruptcy Court's acceptance of his misrepresentation." ECF No. 293, R&R at 24–25. As he found regarding Mr. Marshall, the Magistrate Judge correctly found that Mr. K. Smith acted intentionally, not inadvertently, because he had knowledge of his undisclosed claim and he had a clear motive for concealment. ECF No. 293, R&R at 25. Mr. K. Smith admitted that at the time he filed his bankruptcy petition, he believed he had been discriminated against by NNI and he was aware of his obligation to disclose this

claim at that time.

His argument that the Magistrate Judge erred regarding his conclusions about intentionality because Mr. K. Smith claims he had dropped out of the discrimination lawsuit at the time of his bankruptcy filing is without merit. As reviewed above, it is undisputed that Mr. K. Smith believed as early as 2011 that he was the victim of unlawful discrimination and that he retained counsel in 2011 to bring claims against NNI. In January 2013, K. Smith's counsel in this action notified NNI of the intention to sue NNI. Subsequently, in August 2014, K. Smith filed for Chapter 7 bankruptcy and was represented by counsel. At the time of his bankruptcy filing, Mr. K. Smith unquestionably believed that he had claims against NNI.

Moreover, there is no dispute about Mr. K. Smith's motive for concealment. He plainly obtained an advantage by gaining the Chapter 7 discharge without disclosing his lawsuit claims as his creditors were deprived of any opportunity to recover on the claims. The Magistrate Judge concluded correctly that the four factors identified by the Fourth Circuit in *Folio* for invoking judicial estoppel have been met. ECF No. 293, R&R at 24.

The objections presented to the R&R's findings regarding Mr. K. Smith are similar to those advanced on behalf of Mr. Marshall, and the analysis provided therein is adopted. This Court concludes that judicial estoppel as to Mr. K. Smith is invoked properly, and Mr. K. Smith's objections regarding intentionality and the effect of his post-bankruptcy conduct are overruled.[2]

IV. MR. MARVIN SMITH

The circumstances regarding Mr. M. Smith's bankruptcy and subsequent participation in

---

[2] As with Mr. Marshall's Objections, this Court has considered the declaration submitted by the bankruptcy trustee; representations by Mr. K. Smith, counsel, and the trustee regarding actions taken after Mr. K. Smith's bankruptcy proceedings fail to diminish the soundness of the R&R's conclusions.

this litigation have been recited thoroughly by the Magistrate Judge and are adopted and briefly highlighted here to assist in the evaluation of his objections. Through counsel, Mr. M. Smith and his wife filed a voluntary petition for bankruptcy in the Eastern District of Virginia under Chapter 13 of the Bankruptcy Code on September 17, 2013. *In re: Marvin Gaye Smith*, Case No. 13-51497. He was hired at NNI on February 3, 2014 as a welder.

His Chapter 13 plan was confirmed by the Bankruptcy Court on March 12, 2014. On July 15, 2014, Mr. M. Smith filed an Amended Schedule which added to the list of creditors, but did not disclose any claim against NNI. He joined this lawsuit with the filing of the Second Amended Complaint on May 4, 2015.

At no time during the pendency of the bankruptcy action did Mr. M. Smith disclose his interest in claims against NNI. It is undisputed that by the time Mr. M. Smith joined this cause of action in May 2015, his plan had been confirmed by the Bankruptcy Court and he was on a payment plan. ECF No. 293, R&R at 12. Eight months after joining this litigation, Mr. M. Smith was placed on another payment plan following the Bankruptcy Court's dismissal for failure to make payments; throughout that process, he failed to notify the trustee or the Bankruptcy Court about his claim in this action.

It is not reasonably disputed that the scope of a debtor's estate in bankruptcy includes "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). The interest that Mr. M. Smith had in his lawsuit claim was a part of his estate by May 2015, while his bankruptcy was pending. There is no dispute that this interest was never disclosed.

The Magistrate Judge's conclusion that all four *Folio* factors were met to trigger judicial estoppel regarding Mr. M. Smith is sound. ECF No. 293, R&R at 12–15. The representation

that Mr. M. Smith did not have as an asset his discrimination claims was accepted by the Bankruptcy Court initially when the Chapter 13 Plan was confirmed on March 12, 2014.

The R&R's conclusion that the "undisputed facts demonstrate that M. Smith acted intentionally, and not inadvertently, when he failed to make disclosure to the Bankruptcy Court" is also sound. The Magistrate Judge correctly inferred Mr. M. Smith's intentional manipulation despite the absence of direct evidence of intent to conceal, because Mr. M. Smith had knowledge of the undisclosed claims and because he had motive for concealment. ECF No. 293, R&R at 14 (citing *Vanderheyden*, No. 4:12cv46, 2013 WL 30065, at *12). There can be no reasonable dispute that Mr. M. Smith was aware of the factual basis of his litigation claims. There can also be no reasonable dispute that he was adequately represented by counsel, rendering pleas of inadvertence ineffective. The R&R correctly recognized that "inasmuch as M. Smith joined the instant litigation as a party with the filing of the Second Amended Complaint on May 4, 2015, it cannot be disputed that he certainly had knowledge of this claim which he did not disclose to the Bankruptcy Court, despite the fact that his bankruptcy case was still pending and he was still making payments under the plan."

In his Objection, Mr. M. Smith argues that the requirement that a Chapter 13 debtor amend his petition after an initial payment plan is confirmed is flexible. Accordingly, Mr. M. Smith contends that he should not be construed as having adopted inconsistent positions between his bankruptcy action and pursuing this discrimination action. At issue, therefore, is whether the debtor's duty to disclose assets in a bankruptcy proceeding is a continuing duty. The Magistrate Judge recognized correctly that debtors who seek shelter in a federal bankruptcy action have a "*continuing affirmative obligation* to disclose all actual or potential legal claims to the Bankruptcy Court." ECF No. 293, R&R at 14–15 (quoting *Logan v. JKV Real Estate Servs. (In*

*re Bogdan)*, 414 F.3d 507, 512 (4th Cir. 2005) (emphasis added by the Magistrate Judge)). The Objections' reliance upon the decision in *Thomas v. FTS*, 193 F. Supp. 3d 623 (E.D. Va. 2016) is misplaced; nothing in that decision suggests that the duty Mr. M. Smith had to report his lawsuit claim lapsed or could be waived.

Mr. M. Smith had an ongoing duty to amend and disclose, and the Magistrate Judge's application of judicial estoppel was proper. The Bankruptcy Court accepted the inconsistent factual positions presented by Mr. M. Smith several times, including when it approved an amended payment plan during a period when Mr. M. Smith plainly had knowledge of—but did not disclose—his lawsuit claims.[3]

Finally, there is no reasonable challenge to the Magistrate Judge's inference of the existence of motive for concealment. ECF No. 293, R&R at 15. By failing to disclose the employment discrimination claim to the Bankruptcy Court, Mr. M. Smith deprived his creditors of the opportunity to have shared in the assets of his estate. Such conduct more than amply establishes a motive to conceal. *Id.* (citing *Vanderheyden*, 2013 WL 30065, at *13).

The objections presented to the R&R's findings regarding Mr. M. Smith are similar to those advanced on behalf of other Plaintiffs herein, and the analysis already provided is adopted. This Court concludes that judicial estoppel as to Mr. M. Smith is invoked properly, and Mr. M. Smith's objections to the contrary are overruled.

V. RICHARD PAYTON

The circumstances regarding Mr. Payton's bankruptcy and subsequent participation in

---

[3] There is no reasonable dispute that Mr. M. Smith was aware of his lawsuit claims by February 2014, that he was a party to this lawsuit by May 2015, and that he never disclosed his claims during the many months after that date during which his bankruptcy continued. There is also no dispute that Mr. M. Smith was represented by counsel in his bankruptcy proceedings and while prosecuting his discrimination claims.

this litigation have been recited thoroughly by the Magistrate Judge and are adopted and briefly highlighted here to assist in the evaluation of his objections. Through counsel, Mr. Payton and his wife filed a voluntary petition for bankruptcy in the Eastern District of Virginia under Chapter 13 of the Bankruptcy Code on August 22, 2013. *In re Richard Payton*, Case No. 13-51357. His Chapter 13 Plan was filed on September 4, 2013. Mr. Payton was hired as a laborer at NNI on October 17, 2013. It is undisputed that Mr. Payton testified to having knowledge of his potential claims against NNI shortly after his employment beginning in October 2013.

On November 25, 2013, the Bankruptcy Court approved Mr. Payton's Chapter 13 Plan, and required Mr. Payton to pay $1,120.00 per month to the Trustee for payment to Mr. Payton's creditors. On January 9, 2014, Mr. Payton amended his bankruptcy petition. At that time, he plainly believed that he had been harassed and discriminated against by NNI, and was aware of his potential discrimination claims against NNI, but never sought to submit an Amended Schedule B-Personal Property to his voluntary petition to disclose this asset, as he was obligated to do. This violated his continuing affirmative obligation to disclose all actual or potential legal claims to the Bankruptcy Court. When he pursued his discrimination claims, his position was inconsistent with his position in his bankruptcy case that he had no such claim. *In re Bogdan*, 414 F.3d at 512. As with the other Plaintiffs, this failure concerns a representation of fact, not law. Accordingly, the first two *Folio* factors are indisputably met.

The Magistrate Judge then correctly concluded that the Bankruptcy Court accepted Mr. Payton's inconsistent position when it approved his Chapter 13 Plan and never adjusted it to accommodate the potential cause of action against NNI. ECF No. 293, R&R at 28. Mr. Payton's argument that because his Chapter 13 bankruptcy was dismissed subsequently, the Bankruptcy Court should be construed as having never "accepted" his inconsistent position and having never

provided him with any "benefit" of bankruptcy, was properly rejected by the Magistrate Judge for the same reasons that similar arguments advanced by Mr. M. Smith lacked merit. Mr. Payton's Chapter 13 Plan was accepted when the Bankruptcy Court issued its Order to confirm his Chapter 13 Plan on November 25, 2013. Mr. Payton benefited by failing to meet his duty to disclose his claims; had they been disclosed, he would have had to make higher payments to his creditors.

The Magistrate Judge also concluded correctly that the undisputed facts establish that Mr. Payton acted intentionally, not inadvertently, because he had knowledge of the undisclosed claims and a motive for concealing the claims. ECF No. 293, R&R at 29. There is no reasonable dispute that he acknowledged his awareness of his claim for unlawful discrimination against NNI within weeks of approval of his Chapter 13 Plan and during the time that he was directed to make monthly payments for the benefit of his creditors. Mr. Payton's motive to conceal his claims was also properly inferred, as motive is established by the undisputed fact that the claim would have likely been added to the assets of his estate and would have increased the assets available to his creditors. *Id.* at 29–30.

Mr. Payton's Objections to the R&R are overruled. As addressed in the analysis of Mr. M. Smith's Objections, the proffered challenge to the continuing duty on the part of debtors to disclose assets and to amend filings to reflect assets in Chapter 13 bankruptcy is without merit. The Magistrate Judge's findings and conclusions were sound when he determined that Mr. Payton made inconsistent factual representations, that these representations were accepted by the Bankruptcy Court, and that his non-disclosure was properly construed as intentional concealment.

Although represented by counsel through his bankruptcy, Mr. Payton never amended his

bankruptcy petition or otherwise disclosed his claims. Mr. Payton had knowledge of his claims at the time of his representations (and his non-disclosures) to the Bankruptcy Court, and there is no reasonable dispute that the motive for concealment is properly inferred under these circumstances. Accordingly, the Magistrate Judge concluded correctly that all of the factors required for triggering judicial estoppel are met concerning Mr. Payton's circumstances, and the Court adopts the findings and recommendations set forth in the R&R regarding Mr. Payton.

VI. CONCLUSION

The Court has reviewed the full record and has carefully examined the objections filed by Plaintiffs Marshall, K. Smith, M. Smith, and Payton. The Court has proceeded to undertake a *de novo* review of the R&R at issue. That R&R, ECF No. 293, is ADOPTED AND APPROVED in its entirety. The Objections filed to the R&R (ECF No. 295) are OVERRULED. Therefore, it is ORDERED that NNI's Motions for Summary Judgment regarding Marvin Smith (ECF No. 113), Keith Chisman (ECF No. 127), Naseer Marshall (ECF No. 137), Kevin Smith (ECF No. 157), and Richard Payton (ECF No. 179) are GRANTED. By this Final Order as to these Plaintiffs, their actions are DISMISSED WITH PREJUDICE. The Clerk is REQUESTED to forward a copy of this Order to counsel of record for these Plaintiffs and for Defendant NNI.

IT IS SO ORDERED.

/s/
Arenda L. Wright Allen
United States District Judge

April 2, 2018
Norfolk, Virginia