**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**JAMESINA CRAWFORD,** *et al.,*

**Plaintiffs,**

**vs.**

**NEWPORT NEWS
INDUSTRIAL
CORPORATION,**

**Defendant.**

**Case No. 4:14-cv-00130-RCY-RJK**

**JURY TRIAL DEMANDED**
**Judge Roderick C. Young**

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS WITH AUTHORITIES AND
VERDICT FORM**</u>

Defendant Newport News Industrial Corporation ("NNI"), by counsel, pursuant to the
Court's Order to Extend Trial-Related Deadlines (ECF No. 512) and Federal Rule of Civil
Procedure 51, submits its Proposed Jury Instructions and Verdict Form in this matter. Defendant
reserves the right to supplement and amend its Proposed Jury Instructions and Verdict Form in
light of changed circumstances, including any changes in the law, rulings of this Court, and the
evidence as presented at trial.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

**TABLE OF CONTENTS**

| Instruction Number | Description | Page Number |
|---|---|---|
| *Closing Instructions: General* | | |
| 1 | All Litigants Equal Before the Law | 4 |
| 2 | Number of Witnesses | 5 |
| 3 | Duty to Deliberate | 6 |
| 4 | Multiple Claims; Multiple Plaintiffs/Defendants | 7 |
| 5 | Impeachment:  Inconsistent Statement or Conduct | 8 |
| 6 | Preponderance of the Evidence | 9 |
| *Closing Instructions: Hostile Work Environment* | | |
| 7 | Elements of Claim:  Harassment-Hostile Work Environment | 10 |
| 8 | Definitions:  Hostile or Abusive Work Environment | 12 |
| 9 | Harassment by Non-Supervisor Employees | 14 |
| 10 | Faragher/Ellerth Defense | 15 |
| *Closing Instructions: Constructive Discharge* | | |
| 11 | Elements of Claim:  Constructive Discharge – Plaintiffs Bostic, Chesson, Holloman, Robinson, Swain | 17 |
| *Closing Instructions: Retaliation* | | |
| 12 | Elements of Claim:  Retaliation for Opposition to Harassment or Discrimination | 19 |
| *Closing Instructions: Discrimination* | | |
| 13 | Elements of Claim:  Discrimination | 21 |
| *Closing Instructions: Business Judgment* | | |
| 14 | Business Judgment | 22 |
| *Closing Instructions: Damages* | | |
| 15 | Compensatory Damages | 23 |
| 16 | Damages:  Back Pay – Plaintiffs Bostic, Chesson, Holloman, Robinson, Swain | 26 |
| 17 | Damages:  Back Pay – Plaintiff Steven Gordon | 28 |

| Instruction Number | Description | Page Number |
|---|---|---|
| *Verdict Form* | | |
| 18 | Verdict Form | 30 |

INSTRUCTION NO. 1

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, one of the parties is a corporation.  All parties are equal before the law.  A

corporation is entitled to the same fair consideration that you would give any individual person.


**Authorities**:  Fed. Civ. Jury Instr. 7th Cir. 1.03 (2018).

INSTRUCTION NO. 2

**NUMBER OF WITNESSES**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authorities**:  Model Civ. Jury Instr. 3d Cir. 3.2 (2019).

INSTRUCTION NO. 3

**DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Authorities**:  3 Fed. Jury Prac & Instr. 106:01 (6th ed.)

INSTRUCTION NO. 4

**MULTIPLE CLAIMS; MULTIPLE PLAINTIFFS/DEFENDANTS**

You must give separate consideration to each claim and each party in this case.  Although there are 21 plaintiffs, it does not follow that if one is successful, the other are, too.

**Authorities**:  Fed. Civ. Jury Instr. 7th Cir. 1.25 (2018).

INSTRUCTION NO. 5

**IMPEACHMENT:  INCONSISTENT STATEMENT OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authorities**:  3 Fed. Jury Prac & Instr. 105:04 (6th ed.)

8

INSTRUCTION NO. 6

**PREPONDERANCE OF THE EVIDENCE**

Each Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If a plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Authorities**:  3 Fed. Jury Prac. & Instr. 104:01 (6th ed.).

INSTRUCTION NO. 7

**ELEMENTS OF CLAIM:  HARASSMENT-HOSTILE WORK ENVIRONMENT**

Plaintiffs claim that they were each subjected to harassment and that this harassment was because of each Plaintiffs' race.

Defendant NNI is liable for racial harassment to a given plaintiff only if a plaintiff proves all five of the following elements by a preponderance of the evidence:

*First*: The plaintiff was subjected to a hostile work environment.

*Second*: The harassment was not welcomed by the plaintiff.

*Third*: The harassment would not have occurred but for the plaintiff's race.

*Fourth*: The conduct was so severe or pervasive that a reasonable person in the plaintiff's position would find Plaintiff's work environment to be hostile or abusive.  This element requires you to look at the evidence from the point of view of a reasonable person's reaction to the plaintiff's work environment.

*Fifth*: The plaintiff believed his or her work environment to be hostile or abusive as a result of the conduct.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for NNI and you need not proceed further in considering this claim.

**Authorities**:  Model Civ. Jury Instr. 3d Cir. 6.1.4 (2019) (modified to reflect but-for causal standard under Section 1981); *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S. Ct. 1009 (2020); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (listing elements of claim); *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 190 (4th Cir. 2004) (listing elements of claim); *Alford v. Martin & Gass, Inc.*, 391 F. App'x 296, 303 (4th Cir. 2010

10

(explaining non-supervisor conduct imputable only where employer "knew or should have known about the harassment and failed to take effective action to stop it").

INSTRUCTION NO. 8

**DEFINITIONS:  HOSTILE OR ABUSIVE WORK ENVIRONMENT**

In determining whether a work environment is "hostile" you must look at all of the

circumstances, which may include:

• The total physical environment of the plaintiff's work area.

• The degree and type of language and insult that filled the environment before and after the plaintiff arrived.

• The reasonable expectations of the plaintiff upon entering the environment.

• The frequency of the offensive conduct.

• The severity of the conduct.

• The effect of the working environment on the plaintiff's mental and emotional well-being.

• Whether the conduct was unwelcome, that is, conduct the plaintiff regarded as unwanted or unpleasant.

• Whether the conduct was pervasive.

• Whether the conduct was directed toward the plaintiff.

• Whether the conduct was physically threatening or humiliating.

• Whether the conduct was merely a tasteless remark.

• Whether the conduct unreasonably interfered with the plaintiff's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional

horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not

constitute an abusive or hostile work environment. A hostile work environment can be found

only if there is extreme conduct amounting to a material change in the terms and conditions of

employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile

work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant,

crude or vulgar to all employees. In order to find a hostile work environment, you must find that

the plaintiff was harassed because of race. The harassing conduct may, but need not be racially-based in nature. Rather, its defining characteristic is that the harassment complained of was linked to the plaintiff's race. The key question is whether the plaintiff, as an African American, was subjected to harsh employment conditions to which those other than the plaintiff's race were not.

It is important to understand that, in determining whether a hostile work environment existed you must consider the evidence from the perspective of a reasonable person in the same position. That is, you must determine whether a reasonable person would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable person. The reasonable person is simply one of normal sensitivity and emotional make-up.

**Authorities**:  Model Civ. Jury Instr. 3d Cir. 6.2.2 (2019); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

INSTRUCTION NO. 9

**HARASSMENT BY NON-SUPERVISOR EMPLOYEES**

For acts of harassment by non-supervisor employees, you must also determine whether Defendant NNI is responsible under the law for those acts. For Defendant NNI to be liable for the acts of harassment of non-supervisor employees, the plaintiff must prove by a preponderance of the evidence that management level employees knew, or should have known, of the abusive conduct. Management level employees should have known of the abusive conduct if 1) an employee provided management level personnel with enough information to raise a probability of racial harassment in the mind of a reasonable employer, or if 2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

**Authorities**:  Model Civ. Jury Instr. 3d Cir. 6.1.4 (2019) (modified); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (listing elements of claim); *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 190 (4th Cir. 2004) (listing elements of claim); *Alford v. Martin & Gass, Inc.*, 391 F. App'x 296, 303 (4th Cir. 2010 (explaining non-supervisor conduct imputable only where employer "knew or should have known about the harassment and failed to take effective action to stop it").

14

INSTRUCTION NO. 10

## FARAGHER/ELLERTH DEFENSE

With regard to harassment by supervisory employees, you must find for Defendant NNI if you find that Defendant NNI has proved both of the following elements by a preponderance of the evidence:

First: That Defendant NNI exercised reasonable care to prevent racial harassment in the workplace, and also exercised reasonable care to promptly correct the harassing behavior that does occur.

Second: That the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant NNI.

Proof of the following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

1.      Defendant NNI had established an explicit policy against harassment in the workplace on the basis of race.

2.      That policy was fully communicated to its employees.

3.      That policy provided a reasonable way for the plaintiff to make a claim of harassment to higher management.

4.      Reasonable steps were taken to correct the problem, if raised by the plaintiff.

On the other hand, proof that the plaintiff did not follow a reasonable complaint procedure provided by Defendant NNI will ordinarily be enough to establish that the plaintiff unreasonably failed to take advantage of a corrective opportunity.

**Authorities**:  Model Civ. Jury Instr. 3d Cir. 6.1.3 (2019) (modified); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 762-63 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Barrett v. Applied Radiant Energy Corp.*, 240 F.3d 262, 266 (4th Cir. 2001) (explaining distribution of anti-harassment policy provides compelling proof that company exercised

reasonable care in preventing and promptly correcting harassment); *Sonnier v. Diamond Healthcare Corp.*, 114 F. Supp. 3d 349, 361 (E.D. Va. 2015) (employee's failure to assert an internal complaint of harassment is typically unreasonable failure to take advantage of preventative or corrective opportunities provided).

INSTRUCTION NO. 11

## ELEMENTS OF CLAIM:  CONSTRUCTIVE DISCHARGE – PLAINTIFFS BOSTIC, CHESSON, HOLLOMAN, ROBINSON, SWAIN

Plaintiffs Richard Bostic, Ernest Chesson, Lamar Holloman, Robert Robinson, and David Swain claim that although Defendant NNI did not fire them, they were constructively discharged based on race.

A constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job.

A plaintiff alleging constructive discharge must therefore prove two elements: deliberateness of the employer's action, and intolerability of the working conditions.

Deliberateness exists only if the actions complained of were intended by the employer as an effort to force the employee to quit.  To act deliberately, of course, requires intent.  The plaintiff must prove the employer's specific intent to force an employee to leave.  Intent may be inferred through circumstantial evidence, including a failure to act in the face of known intolerable conditions.  Where, however, all employees are treated identically, no particular employee can claim that difficult working conditions signify the employer's intent to force that individual to resign.

Intolerability of working conditions is assessed by the objective standard of whether a reasonable person in the employee's position would have felt compelled to resign.  An employee may not be unreasonably sensitive to his working environment.  The law does not permit an employee's subjective perceptions to govern a claim of constructive discharge. Every job has its frustrations, challenges and disappointments; these inhere in the nature of work. An employee is protected from a calculated effort to pressure him into resignation through the imposition of

17

unreasonably harsh conditions, in excess of those faced by his co-workers. He is not, however, guaranteed a working environment free of stress.

To act reasonably, the plaintiff had an obligation to give the defendant a reasonable opportunity to remedy his concerns before resigning.

**Authorities**:  *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 186-87 (4th Cir. 2004) (requiring deliberateness motivated by racial bias and objective intolerability of working conditions); *Matvia v. Bald Head Isl. Mgmt., Inc.*, 259 F.3d 261, 272 (4th Cir. 2001) (explaining deliberateness exists only if actions complained of were intended by employer to force the plaintiff to quit); *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985) (requiring proof of employer's specific intent to force an employee to leave); *Puckett v. City of Portsmouth*, 391 F. Supp. 2d 423, 434 (E.D. Va. 2005) (explaining intolerability is an objective standard, i.e., whether a reasonable person in the employee's position would have felt forced to resign); *Shealy v. Winston*, 929 F.2d 1009, 1013 (4th Cir. 1991) (explaining reasonableness requires an employee give employer a reasonable chance to work out a problem).

INSTRUCTION NO. 12

**ELEMENTS OF CLAIM:  RETALIATION FOR OPPOSITION TO HARASSMENT OR DISCRIMINATION**

In this case, Plaintiff Ernest Chesson claims that Defendant NNI also retaliated against him by constructively discharging him.

If Plaintiff Ernest Chesson has proven constructive discharge as set forth in Instruction No. 11, your verdict must be for Plaintiff Ernest Chesson and against Defendant NNI on Plaintiff's claim of retaliation only if all four of the following elements have been proved:

*First*, the plaintiff complained to the defendant that he was being harassed or discriminated against on the basis of race; and

*Second*, the plaintiff reasonably believed that he was being harassed or discriminated against on the basis of race; and

*Third*, the plaintiff's constructive discharge might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a lawsuit; and

*Fourth*, the defendant would not have constructively discharged Plaintiff but-for Plaintiff's complaint of race harassment or discrimination.

If any of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim.

**Authorities**:  Model Civ. Jury Instr. 8th Cir. 10.41 (2019) (modified); *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (retaliation elements); *Conyers v. Va. Development Auth.*, 927 F. Supp. 2d 285, 295 (E.D. Va. 2013) (explaining protected activity requires complaint that activity constitutes unlawful discrimination rather than general unfair

treatment); *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003) (explaining protected activity requires reasonably belief of unlawful activity); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013) (holding relevant causal standard for retaliation is "but for").

INSTRUCTION NO. 13

**ELEMENTS OF CLAIM:  DISCRIMINATION**

In this case, Plaintiff Steven Gordon claims that Defendant NNI discriminated against him in connection with his compensation.

Your verdict must be for Plaintiff Steven Gordon and against Defendant NNI on Plaintiff's claim of discriminatory pay only if all the following elements have been proved:

*First*, the defendant paid the plaintiff less than similarly-situated white workers; and

*Second*, the defendant would not have paid the plaintiff less but-for plaintiff's race.

If any of the above elements has not been proved, your verdict must be for defendant.

**Authorities**:  Model Civ. Jury Instr. 8th Cir. 11.41 (2019) (modified).

21

INSTRUCTION NO. 14

**BUSINESS JUDGMENT**

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment.  An employer may make those employment decisions as it sees fit, as long as not unlawful.

In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment.  Pretext is not established just because you disagree with the business judgment of defendant NNI, unless you find that defendant's reason was a pretext for discrimination.

**Authorities**:  3C Fed. Jury Prac & Instr. § 171:75 (6th ed.); *Jiminez v. Mary Washington Coll.*, 57 F.3d 369 (4th Cir. 1995); *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S. Ct. 1009 (2020).

INSTRUCTION NO. 15

**COMPENSATORY DAMAGES**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not NNI should be held liable.

If you find by a preponderance of the evidence that Defendant NNI intentionally discriminated against a plaintiff by creating a racially hostile work environment, then you must consider the issue of compensatory damages.  You must award the plaintiff an amount that will fairly compensate him or her for any injury he or she actually sustained a result of NNI's conduct.  The damages that you ward must be fair compensation, no more and no less.  The award of compensatory damages is meant to put the plaintiff in the position he or she would have occupied if the discrimination had no occurred.  The plaintiff has the burden of proving damages by a preponderance of the evidence.

The plaintiff must show that the injury would not have occurred without Defendant NNI's act or omission.  The plaintiff must also show that Defendant NNI's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant NNI's act or omission. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Defendant NNI's actions were motivated by discrimination. In other words, even assuming that Defendant NNI's actions or omissions were motivated by discrimination, a plaintiff is not entitled to damages for an injury unless Defendant NNI's discriminatory actions or omissions actually played a substantial part in bringing about that injury.

23

There can be more than one cause of an injury. To find that Defendant NNI's act caused a plaintiff's injury, you need not find that Defendant NNI's act was the nearest cause, either in time or space. However, if a plaintiff's injury was caused by a later, independent event that intervened between Defendant NNI's act or omission and a plaintiff's injury, Defendant NNI is not liable unless the injury was reasonably foreseeable by Defendant NNI.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that a plaintiff experienced as a consequence of Defendant NNI's allegedly unlawful act or omission. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that a plaintiff would have earned, if he or she had continued in employment with NNI. These elements of recovery of wages that the plaintiff would have received from NNI are called "back pay". "Back pay" is to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" and are to be entered separately on the verdict form.

You may award damages for monetary losses that a plaintiff may suffer in the future as a result of NNI's allegedly unlawful act or omission.

As I instructed you previously, the plaintiff has the burden of proving damages by a preponderance of the evidence. But the law does not require that a plaintiff prove the amount of his or her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that a plaintiff has a duty under the law to "mitigate" his or her damages—that means that a plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Defendant NNI's. It is Defendant NNI's burden to prove that a plaintiff has failed to mitigate. So if Defendant NNI persuades you by a preponderance of the evidence that a plaintiff failed to take advantage of an opportunity that was reasonably available to him or her, then you must reduce the amount of the plaintiff's damages by the amount that could have been reasonably obtained if he or she had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Authorities**:  Model Civ. Jury Instr. 3d Cir. 6.4.1 (2019) (modified).

INSTRUCTION NO. 16

## DAMAGES:  BACK PAY – PLAINTIFFS BOSTIC, CHESSON, HOLLOMAN, ROBINSON, SWAIN

If you find that Defendant NNI intentionally discriminated against Plaintiffs Richard Bostic, Ernest Chesson, Lamar Holloman, Robert Robinson, or David Swain in constructively discharging them, then you must determine the amount of damages that Defendant NNI's actions have caused the given plaintiff.  A plaintiff has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates the plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the plaintiff would have received from Defendant NNI had the plaintiff not been the subject of Defendant NNI's intentional discrimination.

Back pay damages, if any, apply from the time a plaintiff was constructively discharged until the date of your verdict.

You must reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages a plaintiff has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

You are further instructed that the plaintiff has a duty to mitigate his damages—that is the plaintiff is required to make reasonable efforts under the circumstances to reduce his or her damages. It is Defendant NNI's burden to prove that a plaintiff has failed to mitigate. So if Defendant NNI persuades you, by a preponderance of the evidence, that the plaintiff failed to

26

obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that the plaintiff reasonably would have earned if he had obtained those opportunities.

**Authorities**:  Model Civ. Jury Instr. 3d Cir. 6.4.3 (2019).

INSTRUCTION NO. 17

**DAMAGES:  BACK PAY – PLAINTIFF STEVEN GORDON**

If you find that Defendant NNI intentionally discriminated against Steven Gordon in connection with his compensation, then you must determine the amount of damages that Defendant NNI's actions have caused Plaintiff Gordon. Plaintiff Gordon has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Plaintiff Gordon for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Plaintiff Gordon would have received from Defendant NNI had Plaintiff Gordon not been the subject of Defendant NNI's intentional discrimination.

Back pay damages, if any, apply from the time Plaintiff Gordon was discriminated against until the date of your verdict.

You must reduce any award by the amount of the expenses that Plaintiff Gordon would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Plaintiff Gordon has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

You are further instructed that Plaintiff Gordon has a duty to mitigate his damages—that is Plaintiff Gordon is required to make reasonable efforts under the circumstances to reduce his damages. It is Defendant NNI's burden to prove that Plaintiff Gordon has failed to mitigate. So if Defendant NNI persuades you, by a preponderance of the evidence, that Plaintiff Gordon failed to obtain substantially equivalent job opportunities that were reasonably available to him, you

28

must reduce the award of damages by the amount of the wages that Plaintiff Gordon reasonably would have earned if he had obtained those opportunities.

**Authorities**:  Model Civ. Jury Instr. 3d Cir. 6.4.3 (2019).

VERDICT FORM NO. 18

**Verdict Form**

We, the jury, duly impaneled and sworn, upon our oaths, present the following answers to the questions submitted by the Court:

### *Mark Barnett*

1.  Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Mark Barnett was subjected to racial harassment by any non-supervisory employees?

    _____   YES                    _____   NO

    a.  If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

    _____   YES                    _____   NO

2.  Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Mark Barnett was subjected to racial harassment by any supervisory employees?

    _____   YES                    _____   NO

    a.  If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

    _____   YES                    _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 4.***

3.  Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Mark Barnett is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

    _____   YES                    _____   NO

    a.  If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

    $_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

30

### ***Ian Blow***

4.  Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Ian Blow was subjected to racial harassment by any non-supervisory employees?

    _____   YES            _____   NO

    a.  If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____   YES            _____   NO

5.  Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Ian Blow was subjected to racial harassment by any supervisory employees?

    _____   YES            _____   NO

    a.  If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____   YES            _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 7.***

6.  Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Ian Blow is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

    _____   YES            _____   NO

    a.  If so, state the amount of damages that Plaintiff sustained on account of racial harassment:
        $_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Richard Bostic*

7. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Richard Bostic was subjected to racial harassment by any non-supervisory employees?

_____ YES _____ NO

    a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____ YES _____ NO

8. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Richard Bostic was subjected to racial harassment by any supervisory employees?

_____ YES _____ NO

    a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____ YES _____ NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question. Otherwise, continue to Question 10.***

9. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Richard Bostic is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____ YES _____ NO

    a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

10. Do you find under Instruction No. 11, unanimously and by a preponderance of the evidence, that Defendant NNI is liable to Plaintiff Richard Bostic for constructive discharge?

_____ YES _____ NO

a.  If your answer is "yes," do you find under Instruction Nos. 15 or 16, unanimously and by a preponderance of the evidence, that Plaintiff Richard Bostic is entitled to damages on account of constructive discharge for lost wages and benefits or pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES                    _____   NO

b.  If so, state the amount of damages that Plaintiff sustained on account of constructive discharge:

$_____ for lost wages and benefits

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

33

### *Ernest Chesson*

11. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Ernest Chesson was subjected to racial harassment by any non-supervisory employees?

　　　　_____   YES　　　　　　　_____   NO

    a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

　　　　_____   YES　　　　　　　_____   NO

12. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Ernest Chesson was subjected to racial harassment by any supervisory employees?

　　　　_____   YES　　　　　　　_____   NO

    a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

　　　　_____   YES　　　　　　　_____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 14.***

13. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Ernest Chesson is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

　　　　_____   YES　　　　　　　_____   NO

    a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

　　　　$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

14. Do you find under Instruction No. 11, unanimously and by a preponderance of the evidence, that Defendant NNI is liable to Plaintiff Ernest Chesson for constructive discharge?

　　　　_____   YES　　　　　　　_____   NO

a. If your answer is "yes," do you find under Instruction Nos. 15 or 16, unanimously and by a preponderance of the evidence, that Plaintiff Ernest Chesson is entitled to damages on account of constructive discharge for lost wages and benefits or pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES                _____   NO

b. If so, state the amount of damages that Plaintiff sustained on account of constructive discharge:

$_____ for lost wages and benefits

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

15. Do you find under Instruction No. 12, unanimously and by a preponderance of the evidence, that Defendant NNI is liable to Plaintiff Ernest Chesson for retaliation?

_____   YES                _____   NO

a. If your answer is "yes," do you find under Instruction Nos. 15 or 16, unanimously and by a preponderance of the evidence, that Plaintiff Ernest Chesson is entitled to damages on account of retaliation for lost wages and benefits or pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES                _____   NO

b. If so, state the amount of damages that Plaintiff Ernest Chesson sustained on account of retaliation:

$_____ for lost wages and benefits

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Jamesina Crawford*

16. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Jamesina Crawford was subjected to racial harassment by any non-supervisory employees?

        _____   YES         _____   NO

    a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____   YES         _____   NO

17. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Jamesina Crawford was subjected to racial harassment by any supervisory employees?

        _____   YES         _____   NO

    a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____   YES         _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 19.***

18. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Jamesina Crawford is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

        _____   YES         _____   NO

    a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

    $_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Jonathan Dantes*

19. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Jonathan Dantes was subjected to racial harassment by any non-supervisory employees?

    _____   YES      _____   NO

  a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

    _____   YES      _____   NO

20. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Jonathan Dantes was subjected to racial harassment by any supervisory employees?

    _____   YES      _____   NO

  a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

    _____   YES      _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 22.***

21. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Jonathan Dantes is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

    _____   YES      _____   NO

  a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

   $_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Frantz Edouard*

22. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Frantz Edouard was subjected to racial harassment by any non-supervisory employees?

_____ YES                   _____ NO

    a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____ YES                   _____ NO

23. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Frantz Edouard was subjected to racial harassment by any supervisory employees?

_____ YES                   _____ NO

    a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____ YES                   _____ NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 25.***

24. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Frantz Edouard is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____ YES                   _____ NO

    a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Steven Gordon*

25. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Steven Gordon was subjected to racial harassment by any non-supervisory employees?

   _____ YES      _____ NO

 a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

   _____ YES      _____ NO

26. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Steven Gordon was subjected to racial harassment by any supervisory employees?

   _____ YES      _____ NO

 a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

   _____ YES      _____ NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question. Otherwise, continue to Question 28.***

27. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Steven Gordon is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

   _____ YES      _____ NO

 a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

  $_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

28. Do you find under Instruction No. 13, unanimously and by a preponderance of the evidence, that Defendant NNI is liable to Plaintiff Steven Gordon for discriminatory pay?

   _____ YES      _____ NO

a. If so, state the amount of damages that Plaintiff sustained on account of discriminatory pay:

$_____ for lost wages and benefits

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### ***Lamar Holloman***

29. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Lamar Holloman was subjected to racial harassment by any non-supervisory employees?

        _____   YES        _____   NO

    a.  If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____   YES        _____   NO

30. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Lamar Holloman was subjected to racial harassment by any supervisory employees?

        _____   YES        _____   NO

    a.  If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____   YES        _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 32.***

31. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Lamar Holloman is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

        _____   YES        _____   NO

    a.  If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

32. Do you find under Instruction No. 11, unanimously and by a preponderance of the evidence, that Defendant NNI is liable to Plaintiff Lamar Holloman for constructive discharge?

        _____   YES        _____   NO

a.  If your answer is "yes," do you find under Instruction Nos. 15 or 16, unanimously and by a preponderance of the evidence, that Plaintiff Holloman is entitled to damages on account of constructive discharge for lost wages and benefits or pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES                    _____   NO

b.  If so, state the amount of damages that Plaintiff sustained on account of constructive discharge:

$_____ for lost wages and benefits

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Reggie Holliman*

33. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Reggie Holliman was subjected to racial harassment by any non-supervisory employees?

        _____   YES          _____   NO

    a.   If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____   YES          _____   NO

34. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Reggie Holliman was subjected to racial harassment by any supervisory employees?

        _____   YES          _____   NO

    a.   If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____   YES          _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 36.***

35. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Reggie Holliman is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

        _____   YES          _____   NO

    a.   If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Alfred Joyner*

36. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Alfred Joyner was subjected to racial harassment by any non-supervisory employees?

        _____      YES            _____      NO

    a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____      YES            _____      NO

37. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Alfred Joyner was subjected to racial harassment by any supervisory employees?

        _____      YES            _____      NO

    a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

        _____      YES            _____      NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 39.***

38. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Alfred Joyner is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

        _____      YES           _____      NO

    a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

        $_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Willie Nichols*

39. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Willie Nichols was subjected to racial harassment by any non-supervisory employees?

_____   YES                    _____   NO

   a.  If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____   YES                    _____   NO

40. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Willie Nichols was subjected to racial harassment by any supervisory employees?

_____   YES                    _____   NO

   a.  If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____   YES                    _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 42.***

41. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Willie Nichols is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES                    _____   NO

   a.  If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Chris Payton*

42. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Chris Payton was subjected to racial harassment by any non-supervisory employees?

      _____ YES       _____ NO

    a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

      _____ YES       _____ NO

43. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Chris Payton was subjected to racial harassment by any supervisory employees?

      _____ YES       _____ NO

    a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

      _____ YES       _____ NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 45.***

44. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Chris Payton is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

      _____ YES       _____ NO

    a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Theo Pierce*

45. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Theo Pierce was subjected to racial harassment by any non-supervisory employees?

_____ YES                    _____ NO

   a.  If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____ YES                    _____ NO

46. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Theo Pierce was subjected to racial harassment by any supervisory employees?

_____ YES                    _____ NO

   a.  If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____ YES                    _____ NO

*If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 48.*

47. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Theo Pierce is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____ YES                    _____ NO

   a.  If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Robert Robinson*

48. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Robert Robinson was subjected to racial harassment by any non-supervisory employees?

      _____   YES       _____   NO

    a. If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

       _____   YES       _____   NO

49. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Robert Robinson was subjected to racial harassment by any supervisory employees?

      _____   YES       _____   NO

    a. If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

       _____   YES       _____   NO

*If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 51.*

50. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Robert Robinson is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

      _____   YES       _____   NO

    a. If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

51. Do you find under Instruction No. 11, unanimously and by a preponderance of the evidence, that Defendant NNI is liable to Plaintiff Robert Robinson for constructive discharge?

      _____   YES       _____   NO

a.   If your answer is "yes," do you find under Instruction Nos. 15 or 16, unanimously and by a preponderance of the evidence, that Plaintiff Robert Robinson is entitled to damages on account of constructive discharge for lost wages and benefits or pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____          YES                    _____          NO

b.   If so, state the amount of damages that Plaintiff sustained on account of constructive discharge:

$_____ for lost wages and benefits

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Dennis Smith*

52. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Dennis Smith was subjected to racial harassment by any non-supervisory employees?

_____   YES                    _____   NO

    a.   If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____   YES                    _____   NO

53. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Dennis Smith was subjected to racial harassment by any supervisory employees?

_____   YES                    _____   NO

    a.   If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____   YES                    _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 55.***

54. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Dennis Smith is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES                    _____   NO

    a.   If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Ronald Stewart*

55. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Ronald Stewart was subjected to racial harassment by any non-supervisory employees?

_____     YES                    _____     NO

    a.  If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____     YES                    _____     NO

56. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Ronald Stewart was subjected to racial harassment by any supervisory employees?

_____     YES                    _____     NO

    a.  If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____     YES                    _____     NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 58.***

57. Do you find under Instruction No. 15 unanimously and by a preponderance of the evidence, that Plaintiff Ronald Stewart is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____     YES                    _____     NO

    a.  If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *David Swain*

58. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff David Swain was subjected to racial harassment by any non-supervisory employees?

_____   YES               _____   NO

    a.  If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____   YES               _____   NO

59. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff David Swain was subjected to racial harassment by any supervisory employees?

_____   YES               _____   NO

    a.  If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____   YES               _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 61.***

60. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff David Swain is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES               _____   NO

    a.  If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

61. Do you find under Instruction No. 11, unanimously and by a preponderance of the evidence, that Defendant NNI is liable to Plaintiff David Swain for constructive discharge?

_____   YES               _____   NO

a.  If your answer is "yes," do you find under Instruction Nos. 15 or 16, unanimously and by a preponderance of the evidence, that Plaintiff David Swain is entitled to damages on account of constructive discharge for lost wages and benefits or pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES                    _____   NO

b.  If so, state the amount of damages that Plaintiff sustained on account of constructive discharge:

$_____ for lost wages and benefits

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Ron Valentine*

62. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Ron Valentine was subjected to racial harassment by any non-supervisory employees?

_____   YES                _____   NO

   a.   If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____   YES                _____   NO

63. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Ron Valentine was subjected to racial harassment by any supervisory employees?

_____   YES                _____   NO

   a.   If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

_____   YES                _____   NO

*If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 65.*

64. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Ron Valentine is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

_____   YES                _____   NO

   a.   If so, state the amount of damages that Plaintiff sustained on account of racial harassment:
$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### *Roderick Waddell, Sr.*

65. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Roderick Waddell, Sr. was subjected to racial harassment by any non-supervisory employees?

         _____   YES           _____   NO

    a.  If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

         _____   YES           _____   NO

66. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Roderick Waddell, Sr. was subjected to racial harassment by any supervisory employees?

         _____   YES           _____   NO

    a.  If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

         _____   YES           _____   NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 68.***

67. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Roderick Waddell, Sr. is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

         _____   YES           _____   NO

    a.  If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

$_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

### ***Brandon Walker***

68. Do you find under Instruction Nos. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Brandon Walker was subjected to racial harassment by any non-supervisory employees?

       _____      YES         _____      NO

    a.   If your answer is "yes," as to any acts of harassment by non-supervisory employees, do you find under Instruction No. 9, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

       _____      YES         _____      NO

69. Do you find under Instruction No. 7-10, unanimously and by a preponderance of the evidence, that Plaintiff Brandon Walker was subjected to racial harassment by any supervisory employees?

       _____      YES         _____      NO

    a.   If your answer is "yes," as to any acts of harassment by supervisory employees, do you find under Instruction No. 10, unanimously and by a preponderance of the evidence, that Defendant NNI is responsible under the law for those acts?

       _____      YES         _____      NO

***If you found the plaintiff was subjected to racial harassment and Defendant NNI is responsible under the law for those acts, go to the next question.  Otherwise, continue to Question 71.***

70. Do you find under Instruction No. 15, unanimously and by a preponderance of the evidence, that Plaintiff Brandon Walker is entitled to damages on account of the racial harassment for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life?

       _____      YES         _____      NO

    a.   If so, state the amount of damages that Plaintiff sustained on account of racial harassment:

       $_____ for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

71. For those Plaintiffs for whom you found liability, do you find under Instruction No. _____, unanimously and by a preponderance of the evidence, that they are entitled to punitive damages?

_____   YES                    _____   NO

   a.   If so, state the amount of damages that you award to Plaintiffs for whom you found liability:

$_____

**Your deliberations are complete.  The foreperson should sign and date this verdict form and instruct the bailiff that you have reached a verdict.**

_____                           _____

DATE                                                    FOREPERSON

Respectfully submitted,

*/s/ Sharon Reyes*
Burt H. Whitt
Virginia State Bar No.
18308
Patrick H. O'Donnell
Virginia State Bar No. 29637
Sharon K. Reyes
Virginia Bar No. 87701
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite
2100 P.O. Box 3037
Norfolk, VA 23510
Telephone: (757) 624-3300
Facsimile: (888) 360-9092
bhwhitt@kaufcan.com
phodonnell@kaufcan.com
skreyes@kaufcan.com

Scott W. Kezman
Virginia State Bar No. 36831
Counsel for Newport News
Industrial Corporation
4101 Washington Ave
Newport News, VA 23607
Telephone: (757) 380-7157
Facsimile: (757) 380-3875
Scott.W.Kezman@hii-co.com

Donald S. Prophete
Missouri Bar No. 56058
Richard Evan Jarrold
Missouri Bar No.
64936CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
2600 Grand Blvd., Suite 750
Kansas City, MO 64118
Telephone: (816) 472-6400
Facsimile: (816) 472-6401
dprophete@constangy.com
ejarrold@constangy.com

Nicole H. Howell
Missouri Bar No. 56815
FOX ROTHSCHILD LLP
4050 Pennsylvania Ave., Suite 2000
Kansas City, MO  64111
Telephone:  (303) 383-7664
Facsimile:  (303) 292-1300
NHowell@foxrothschild.com

Robert Ortbals, Jr.
Missouri Bar No. 56540
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
7733 Forsyth Blvd., Suite 1325
St. Louis, MO 63105
Telephone: (314) 925-7270
Facsimile: (314) 727-1978
rortbals@constangy.com

Timothy R. Newton
Georgia Bar No. 542200
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
230 Peachtree St., NW, Suite 2400
Atlanta, GA 30303
Telephone: (404) 525-8622
Facsimile: (404) 525-6955
tnewton@constangy.com

Anjanette Cabrera
New York Bar No. 3941085
Naveen Kabir
New York Bar No. 4674511
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
620 8th Avenue
38th Floor
New York, NY 10018
Telephone: (646) 341-6544
Facsimile: (646) 341-6543
acabrera@constangy.com
nkabir@constangy.com

Daniel F. Basnight
Virginia State Bar No. 42583
KAUFMAN & CANOLES, P.C.
One City Center
11815 Fountain Way, Suite 400
Newport News, VA 23606
Telephone: (757) 873-6300
Facsimile: (888) 360-9092
dbasnight@kaufcan.com

**ATTORNEYS FOR
DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 12th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

James H. Shoemaker, Jr.
Jason E. Messersmith
PATTEN, WORNOM, HATTEN &
DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
jshoemaker@phwd.com
jmessersmith@phwd.com

Joshua Friedman
Rebecca Houlding
Jesse Centrella
FRIEDMAN & HOULDING LLP1050 Seven Oaks Lane
Mamaroneck, NY 10543
rebecca@friedmanhouldingllp.com
josh@friedmanhouldingllp.com
jesse@friedmanhouldingllp.com

**ATTORNEYS FOR PLAINTIFFS**

By: */s/ Sharon Reyes*
Sharon K. Reyes
Virginia Bar No. 87701
KAUFMAN & CANOLES, P.C. 150 West
Main Street, Suite 2100 P.O. Box 3037
Norfolk, VA 23510
Telephone: (757) 624-3300
Facsimile: (888) 360-9092
skreyes@kaufcan.com

**ATTORNEY FOR DEFENDANT**

19736208v1